

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| JOSE OJEDA | § | |
| | § | |
| Plaintiff, | § | C.A. NO. B-03-0182 |
| | § | RULE 9(h) - Admiralty |
| VS. | § | |
| | § | |
| CONCORDE SHIPPING, INC. | § | |
| | § | |
| Defendant. | § | |

JOINT DISCOVERY/CASE MANAGEMENT PLAN UNDER RULE 26(f)

TO THE HONORABLE JUDGE OF THIS COURT:

COMES NOW Defendant Concorde Shipping, Inc., and files this Joint Discovery/Case Management Plan Under Rule 26(f), and would show as follows:

1. **State where and when the meeting of the parties required by Rule 26(f) of the Federal Rules of Civil Procedure was held, and identify the counsel who attended for each party, including name, address, bar number, phone and fax numbers and email addresses.**

   The Rule 26(f) meeting was held via telephone on February 4, 2004.

   Counsel for Defendant Concord Line: Marcus R. Tucker, ROYSTON, RAYZOR, VICKERY & WILLIAMS, L.L.P., 1001 McKinney, Suite 1100, Houston, Texas 77002, Telephone (713) 224-8380, Facsimile (713) 225-9945; email address: marcus.tucker@roystonlaw.com.

   Counsel for Plaintiff Jose Ojeda: Richard S. Hoffman, 302 King's Hwy, Suite 112, Brownsville, Texas 78521, Telephone (956) 544-2345, Facsimile (956) 554-3248, email address: Rhoff88302@aol.com.

51267:1091682.1:021104

2. **List the cases related to this one that are pending in any state of federal court with the case number and court, and state how they are related.**

   None.

3. **Briefly describe what this case is about.**

   This case involves the alleged breach of a maritime contract of carriage by Defendant Concorde Line. Plaintiff Jose Ojeda contends that Defendant breached the contract of carriage by failing to deliver television sets and video cassette recorders shipped by Plaintiff in good order and condition. Plaintiff Jose Ojeda claims incidental and consequential damages in addition to the claimed value of the property. Defendant Concorde Line denies liability under the contract of carriage.

4. **Specify the allegation of federal jurisdiction.**

   Defendant Concord Shipping, Inc., petitioned for and was granted removal to this federal court on October 21, 2003, as an admiralty and maritime claim under 28 U.S.C. §§ 1331, 1333 (9h),1337, and the Carriage of Goods by Sea Act, 46 U.S.C. §1300 et seq.

5. **Name the parties who disagree with Plaintiffs jurisdictional allegations and state their reasons.**

   None.

6. **List the anticipated additional parties that should be included, when they can be added, and by whom they are wanted.**

   None at this time.

7. **List anticipated interventions.**

   None at this time.

8. **Described class-action issues.**

   None.

9. **State whether each party represented has made the initial disclosures required by Rule 26(a), and if not, describe the arrangements that have been made to complete the disclosures.**

   The parties have agreed to complete the initial disclosures required by Rule 26(a) within ten days of the initial scheduling conference.

10. Describe the proposed agreed discovery plan, including:

   (a) **Responses to all the matters raised in 26(f).**

   There are no unusual matters which should require changes in the usual methods and timing of discovery practice. The subjects of discovery will be limited to the allegations raised in Plaintiff's Complaint and the Defendant's Answer.

   (b) **When and to whom the Plaintiff may send Interrogatories.**

   By April 1, 2004.

   (c) **When and to whom the Defendant anticipates it may send Interrogatories to the Plaintiff and to fact witnesses within a month of the Conference.**

   By March 1, 2004.

   (d) **Of whom and by when the Plaintiff anticipates taking oral depositions.**

   Plaintiff anticipates taking the oral deposition of the Defendant's corporate representative with the most knowledge of shipping transactions between the U.S. and Honduras and other fact witnesses by the discovery completion date.

   (e) **Of whom and by when the Defendant anticipates taking oral depositions.**

   Defendant anticipates taking the depositions of Plaintiff and fact witnesses by the discovery completion date.

   (f) (i) **Specify the date experts for plaintiff (or party with the burden of proof on an issue) will be designated and their reports provided to opposing party.**

   Plaintiff anticipates designating experts and providing reports, if necessary, by July 1, 2004.

   (ii) **Specify the date experts for Defendant will be designated and their reports will be provided to opposing party.**

   Defendant anticipates designating experts and providing reports, if necessary, by August 1, 2004.

(g)     List expert depositions for Plaintiff (or the party with the burden of proof on an issue) and their anticipated completion date. *See* Rule 26(a) to (2)(B)(expert report).

Plaintiff anticipates taking the deposition of all experts designated by Defendant and any of their own experts who are anticipated to be unavailable for trial by the discovery completion date.

(h)     List expert depositions that the defendant (or opposing party) anticipates taking and their anticipated completion date. *See* Rule 26(a) to (2)(B)(expert report).

Defendant anticipates taking the depositions of all experts designated by Plaintiff and any of their own experts who are anticipated to be unavailable for trial by the discovery completion date.

11. **If the parties are not agreed on a part of the discovery plan, describe the separate views and proposals of each party.**

Not applicable.

12. **Specify the discovery beyond initial disclosures that has been undertaken to date.**

None.

13. **State the date the planned discovery can reasonably be completed.**

Parties can complete discovery by September 15, 2004.

14. **Describe the possibilities for a prompt settlement or resolution of the case that was discussed in Rule 26(f) meeting.**

Parties will work on discovery in a prompt and efficient manner and determine if any settlement possibilities exist as soon as possible.

15. **Describe what each party has done or agreed to do to bring about a prompt resolution.**

The parties agree to proceed to mediation after sufficient discovery has been performed.

16. **From the attorneys' discussions with their client(s) state the alternative resolution techniques that are reasonably suitable.**

Parties are agreeable to mediation.

17. **Magistrate judges may now hear jury and non-jury trials. Indicate the parties joint position on a trial before a magistrate judge.**

    The parties are agreeable to having the trial before a magistrate judge.

18. **State whether a jury demand has been made and if it was made on time.**

    Not applicable.

19. **Specify the number of hours it will take to present the evidence in this case.**

    8 hours.

20. **List any Motions that can be ruled on initial pre-trial conference.**

    None.

21. **List other motions pending.**

    None.

22. **Indicate other matters peculiar to this case, including discovery, that deserve the special attention of the Court at the conference.**

    None.

23. **Certify that all parties have filed Disclosure of Interested Persons as directed in the Order for Conference Disclosure Interested Persons listing the date of filing for original and any amendments.**

    Plaintiff Jose Ojeda filed its Initial Disclosure of Interested Persons on or about November 12, 2003.

    Defendant Concorde Line, Inc. filed its Certificate of Interested Parties on February 3, 2004.

24. **List the names, bar numbers, addresses and telephone numbers of all counsel.**

    Counsel for Plaintiff Jose Ojeda:

    Richard S. Hoffman, THE LAW OFFICE OF RICHARD S. HOFFMAN, 302 King's Hwy, Suite 112, Brownsville, Texas 78521; Telephone (956) 544-2345, Facsimile (956) 554-3248, email address: Rhoff88302@aol.com.

Counsel for Defendant Concord Shipping, Inc.:

Marcus R. Tucker and Randall B. Geuy, ROYSTON, RAYZOR, VICKERY & WILLIAMS, L.L.P., 1001 McKinney, Suite 1100, Houston, Texas 77002, Telephone (713) 224-8380, Facsimile (713) 225-9945; email address: marcus.tucker@roystonlaw.com

ROYSTON, RAYZOR, VICKERY & WILLIAMS, L.L.P.

_____     Date 2\11\04
Marcus R. Tucker


THE LAW OFFICE OF RICHARD S. HOFFMAN

_____     Date 2\11\04
Richard Hoffman, by permission dated 2\11\04


## CERTIFICATE OF SERVICE

I hereby certify that on this 11th day of February, 2004, a true and correct copy of the foregoing was served by facsimile upon:

Richard S. Hoffman
THE LAW OFFICE OF RICHARD S. HOFFMAN
302 King's Hwy, Suite 112
Brownsville, Texas 78521
**VIA FACSIMILE (956) 554-3248**

_____
Of ROYSTON, RAYZOR, VICKERY & WILLIAMS, L.L.P.